NH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Harek Pogosian,

Petitioner,

v.

David R. Rivas, et al.,

Respondents.

No.    CV-26-03405-PHX-MTL (DMF)

**ORDER**

Petitioner Harek Pogosian, who is represented by counsel, filed a Petition under 28 U.S.C. § 2241 challenging his immigration detention in the Southern District of California (Doc. 1).  A judge in the Southern District of California issued a Minute Order (Doc. 2) ordering Respondents to show cause why the Petition should not be granted.

On May 8, 2026, Respondents filed a Motion to Dismiss for Improper Venue, arguing that Petitioner was detained at the San Luis Regional Detention Center in San Luis, Arizona, since May 5, 2025, and that venue in the Southern District of California was improper.  (Doc. 3.)  The court in the Southern District of California issued a Minute Order finding that the court did not have jurisdiction over the Petition and transferring the case to this Court.  (Doc. 13.)

The Court will dismiss the Petition and this action.

**I.     Petitioner's Previous 28 U.S.C. § 2241 Petition**

On March 12, 2026, Petitioner filed a Petition challenging his immigration in this Court, alleging that his 12-month detention was unreasonably prolonged. *See Pogosian v.*

*Rivas*, CR-26-01705-PHX-MTL (DMF).  The Court denied the Petition, finding that Petitioner was subject to mandatory detention and not entitled to a bond hearing under statutory or constitutional authority.

**II.    Petition**

Petitioner acknowledges he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and now claims that his 16-month detention without a bond hearing has become unreasonably prolonged and violates procedural due process.  He seeks immediate release or an individualized bond hearing.

As the Court stated in CV-26-01705, the Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings.  *Jennings v. Rodriguez*  583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").  And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).  Based on Petitioner's allegations, the Court finds Petitioner is still subject to mandatory detention and, therefore, not entitled to a bond hearing under statutory or constitutional authority.  The Court will dismiss the Petition without prejudice.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 18th day of May, 2026.

Michael T. Liburdi
United States District Judge